## B. B. GROOM v. T. B. OLDHAM.

**Conditional Sale—Instructions—Personal. Property.**

Upon a contract to furnish horses to the Government, the evidence showed that two of· the horses had been delivered to the Government Agent, but never inspected, and not paid for. In a quesion of which of two vendors should stand the loss, the jury should· have been informed by proper instructions whether it was an absolute or conditional sale, whether the horse had been delivered as directed by one vendor, whose duty it was to have them inspected, and whether delivered, branded or unbranded.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

September 16, 1868.

OPINION OF THE COURT JUDGE WILLIAMS:

The evidence is conflicting as to the character of the sale of the mare by appellee to appellant, whether absolute or conditional upon her passing inspection by the United States inspector of horses wanted for the military service of the Government; also as to whether the mare was delivered at the residence of Lowry where Groom was collecting his horses, ·and whether he ever got possession of her.

Lowry says the next day after the inspection and after Groom had left, he delivered the number of horses inspected to the Government agent and there still remained two not inspected or branded, one of which was a dark bay or brown, some 8 or 10 years old, and that he subsequently delivered thereon the order of the Government agent Peckover.

In this state of the evidence the questions, not only of whether it was an absolute or conditional sale, whether the mare had been delivered in the lot or directed by Groom, but, also, whether she had not been inpected and if not by whose neglect, oversight or mistake should have been determined. It is palpable from this evidence that the mare was delivered at Lowry's and not inspected and that Groom never got the benefit of her, but that the government agent got her without paying any one for her. If this should be the case then it presents the legal question as to which

of two innocent parties must bear the loss and this can be decided alone by the determination of whose duty it was to procure the inspection, if appellants, then the neglect to have her inspected fixes the loss upon him; if appellees, then the loss must be his.

We think this a case where a special as well as general verdict would be highly appropriate, for upon the finding of a few facts the law would determine the rights of the parties and we direct that at least the following special direction be submitted to the jury:

1. Whether or not the sale was absolute or conditional.

2. Whether or not the mare was delivered at Lowry's as directed by Groom and put in the lot.

3. Whether or not the mare was inspected by the Government inspector.

4. Whose duty was it to have the mare inspected.

5. Was or not the mare delivered to the Government agent either branded or unbranded, and which.

The instructions did not comport with this view of the case and was therefore misleading and may have produced an erroneous verdict, but, however this may be, the law can well pronounce its judgment upon the special finding of the above facts whatever may be the general verdict.

Wherefore, the judgment is reversed, with directions for a new trial and further proceedings as herein directed.

*Reid & Reid,* for appellant.

*Holt,* for appellee.